UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MORRIS
o.b.o. SUZANNE MORRIS,

    Plaintiff,                                    Hon. Robert J. Jonker

v.                                                     Case No. 1:14-CV-1036

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Claimant's[1] application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record, and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

---

[1] The claimant, Suzanne Morris, passed away following the Commissioner's decision. This matter is being pursued by Michael Morris on behalf of Suzanne Morris.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Claimant was 47 years of age on her alleged disability onset date. (PageID.196). She possessed a high school education and worked previously as an assembler of aircraft components. (PageID.39). Claimant applied for benefits on October 11, 2011, alleging that she had been disabled since January 2, 2010, due to hepatitis C, back "problems," knee "problems," wrist "problems," cataracts, hernia, and depression. (PageID.196-205, 232). Claimant's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.116-94). On March 5, 2013, Claimant appeared before ALJ Michael Condon with testimony being offered by Claimant and a vocational expert. (PageID.70-114). In a written decision dated May 24, 2013, the ALJ determined that Claimant was not disabled. (PageID.52-63). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.24-28). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[2]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on the claimant's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, the claimant bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v.*

---

[2]1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. 404.1520(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. 404.1520(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. 404.1520(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. 404.1520(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. 404.1520(f)).

4

*Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Claimant suffered from: (1) bilateral cataracts status-post bilateral lens replacements; (2) hepatitis C; (3) cirrhosis of the liver; (4) left-knee baker's cyst; (5) major depressive disorder; and (6) anxiety disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.54-57).

With respect to Claimant's residual functional capacity, the ALJ determined that she retained the capacity to perform light work subject to the following limitations: (1) she could lift 10 pounds frequently and 20 pounds occasionally; (2) during an 8-hour workday, she could sit for 6 hours and stand/walk for 2 hours; (3) she could occasionally climb ramps/stairs, but could not climb ladders, ropes, or scaffolds; (4) she could occasionally balance, stoop, kneel, crouch, and crawl; (5) she could frequently perform forceful gripping and grasping activities; (6) she could not operate leg or foot controls with either lower extremity; (7) she was limited to simple, unskilled work involving only occasional contact with the general public and only occasional work place changes. (PageID.57).

The ALJ found that Claimant could not perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Claimant could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the

vocational qualifications to perform specific jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, her limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 9,600 jobs in the state of Michigan which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.108-11). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006). The ALJ concluded, therefore, that Claimant was not entitled to disability benefits.

**I.     The ALJ's RFC Determination is Supported by Substantial Evidence**

While not stated directly, Plaintiff appears to assert that the ALJ's RFC determination is not supported by substantial evidence. A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule").

As noted above, the ALJ found that Claimant could perform a limited range of simple, unskilled work. Most of Claimant's limitations were the result of prolonged alcohol abuse. Treatment notes consistently recount that Plaintiff consumed large amounts of alcohol on a daily basis for many years. (PageID.323, 332-33, 344-45, 370, 389). Claimant subsequently developed cirrhosis of the liver and hepatitis C neither of which imposed limitations inconsistent with the ALJ's RFC determination. (PageID.383, 507-08). While Claimant experienced other impairments, the severity of such, either individually or in combination, were likewise not inconsistent with the ALJ's RFC determination.

Claimant experienced "mild" osteoarthritis of the knee as well as a Baker's cyst[3] for which conservative treatment was pursued. (PageID.300-04). The results of subsequent physical examinations were unremarkable. (PageID.307-08, 371). Claimant's care providers concluded that Claimant was "able to work." (PageID. 394). With respect to Claimant's non-exertional impairments, the evidence also supports the ALJ's RFC determination. Psychological examinations revealed that Claimant experienced anxiety, "mild" depression, and "mild" difficulties with mentation. (PageID.369-73, 537, 540-41, 550). Furthermore, Claimant's reported activities were consistent with the ALJ's RFC determination. (PageID.262-69, 371). The ALJ's RFC determination is supported by substantial evidence. Accordingly, this argument is rejected.

---

[3] A Baker's cyst is a "fluid-filled cyst that causes a bulge and a feeling of tightness behind [the] knee." *See* Baker's Cyst, available at http://www.mayoclinic.org/diseases-conditions/bakers-cyst/basics/definition/con-20023332 (last visited on December 2, 2015). A Baker's cyst "is usually the result of a problem with [the] knee joint, such as arthritis or a cartilage tear" both of which "can cause [the] knee to produce too much fluid." *Id.*

**II.      The ALJ Properly Evaluated Plaintiff's Impairments**

Plaintiff asserts that he is entitled to relief because the ALJ failed to find that Claimant's encephalopathy constituted a severe impairment. Plaintiff argues that this impairment caused Claimant to experience severe limitations in mentation.

At step two of the sequential disability analysis articulated above, the ALJ must determine whether the claimant suffers from a severe impairment. The Sixth Circuit has held that where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision. *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Kirkland v. Commissioner of Social Security*, 528 Fed. Appx. 425, 427 (6th Cir., May 22, 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments. . .does not constitute reversible error").

In support of his argument, Plaintiff cites to a December 5, 2012 treatment note that Claimant was experiencing "grade 1 hepatic encephalopathy with sedatives likely a significant contributing component." (PageID.538). As Defendant correctly notes, the mere fact that Claimant was diagnosed with a particular impairment "says nothing about the severity of the condition." *Lee v. Commissioner of Social Security*, 529 Fed. Appx. 706, 713 (6th Cir., July 9, 2013) (quoting *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)).

The doctor who diagnosed Claimant with hepatic encephalopathy noted that Claimant was experiencing only "mild confusion at times" and "mild problems with decreased mentation," but that her "memory appears to be intact" and she "for the most part is doing well." (PageID.537,

8

540-41, 550). The doctor further observed that if Claimant reduced her use of sedatives, "she may see some improvement in her mentation." (PageID.541). The determination by the ALJ that Claimant's encephalopathy was not a severe impairment is supported by substantial evidence. *See, e.g., Nejat v. Commissioner of Social Security*, 359 Fed. Appx. 574, 576 (6th Cir., Dec. 22, 2009) (citations omitted) (an impairment is severe only if it imposes "more than a minimal effect" on the claimant's ability to perform "basic work activities"). Moreover, even if Claimant's encephalopathy was properly characterized as a severe impairment, the ALJ's failure to recognize such does not merit relief. The ALJ found that Claimant suffered from multiple severe impairments and proceeded through all five steps of the sequential analysis. In so doing, the ALJ discussed at length the medical evidence, including the evidence concerning Claimant's non-exertional impairments. Accordingly, this argument is rejected.

**III.        Claimant was not Disabled Pursuant to the Medical-Vocational Guidelines**

The medical-vocational guidelines, also known as the "grids," consider four factors relevant to a particular claimant's employability: (1) residual functional capacity, (2) age, (3) education, and (4) work experience. 20 C.F.R., Part 404, Subpart P, Appendix 2. Social Security regulations provide that "[w]here the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." 20 C.F.R., Part 404, Subpart P, Appendix 2, § 200.00. In other words, a claimant may be awarded benefits if she satisfies the requirements of one of the particular rules correlating to a finding of disability. *See Russell v. Commissioner of Social Security*, 20 F. Supp.2d 1133, 1134 (W.D. Mich. 1998).

Plaintiff argues that Claimant should have been found disabled pursuant to Rule 201.06 of the grids. Rule 201.06, however, is inapplicable in this matter. This particular Rule applies to claimants limited to sedentary work. The ALJ found that Claimant retained the ability to lift 10 pounds frequently and 20 pounds occasionally. This determination, supported by substantial evidence, is incompatible with sedentary work and is instead consistent with light work. *See* 20 C.F.R. §§ 404.1567, 416.967. Furthermore, Rule 201.06 applies to claimants of "advanced age," defined as age "55 and over." 20 C.F.R., Part 404, Subpart P, Appendix 2, § 201.00(f). Claimant was 51 years of age as of the date of the ALJ's decision. Accordingly, this argument is rejected.

**IV.**           **The ALJ did not rely on Meaningless Boilerplate**

In assessing Claimant's credibility, the ALJ stated, in part, that "after careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (PageID.58). Plaintiff asserts that he is entitled to relief because the quoted language constitutes "meaningless" boilerplate which "failed to provide a basis to determine the weight that an ALJ gave to testimony."

While the language in question may fairly be characterized as "boilerplate," such was nothing more than a statement summarizing or restating the ALJ's rationale for discounting Plaintiff's credibility. As the Court has previously recognized, practical realities necessitate that boilerplate of some kind is often employed by the ALJ, the Court, as well as litigants. The reliance on such language is not, by itself, grounds for relief. The ALJ discussed at length the evidence in

this matter and articulated how such undermined Plaintiff's credibility. Accordingly, this argument is rejected.

V.          **The ALJ Properly Relied on the Testimony of a Vocational Expert**

Finally, Plaintiff argues that the ALJ's finding at Step V of the sequential evaluation process is unsupported by the evidence. While the ALJ may satisfy his burden through the use of hypothetical questions posed to a vocational expert, such questions must accurately portray the claimant's physical and mental impairments. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996). The hypothetical question which the ALJ posed to the vocational expert simply asked whether there existed jobs which an individual could perform consistent with Claimant's RFC, to which the vocational expert indicated that there existed in the state of Michigan approximately 9,600 such jobs. The ALJ's RFC determination is supported by substantial evidence and there was nothing improper or incomplete about the hypothetical questions the ALJ posed to the vocational expert. The Court concludes, therefore, that the ALJ properly relied upon the vocational expert's testimony.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that the ALJ's decision adheres to the proper legal standards and is supported by substantial evidence. Accordingly, it is recommended that the Commissioner's decision be **affirmed**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See Smith v. Commissioner of Social*

*Security*, 1999 WL 1336109 at *2 (6th Cir., Dec. 20, 1999); *Leal v. Commissioner of Social Security*, 2015 WL 731311 at *2 (N.D. Ohio, Feb. 19, 2015); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: December 16, 2015                /s/ Ellen S. Carmody
                                       ELLEN S. CARMODY
                                       United States Magistrate Judge